CHARLES F. GLADDING *vs.* UNION RAILROAD CO.

PROVIDENCE—APRIL 17, 1903.

PRESENT: Stiness, C. J., Tillinghast and Dubois, JJ.

(1)  *New Trial.  Withdrawal of Petition.  Acts of One Party in Preferring Petition for Joint Benefit of Both.*

After verdict for plaintiff, defendant, taking all of the requisite preliminary steps, filed its petition for a new trial.  On the same day plaintiff, without having taken any previous steps in that direction, filed his petition for a new trial, and papers were certified to the Appellate Division.  Defendant thereupon filed its withdrawal of its petition and a motion to dismiss plaintiff's petition:—

*Held,* that it would be idle to require the filing of duplicate notices and transcripts of testimony, and that, the cause and papers having been properly brought before the court, the petition of the plaintiff would be entertained after abandonment of defendant's petition, provided plaintiff repaid to defendant the cost of the transcript of testimony in the case.

(2)  *New Trial.  Amendment of Petition.*

A motion to amend a petition for new trial will be denied where it appears that the proposed amendments were known to plaintiff at the time of the preparation of original petition, and were not omitted by reason of any misfortune, accident, or mistake.

TRESPASS ON THE CASE for negligence.  Heard upon defendant's withdrawal of its petition for a new trial, upon its motion to dismiss the plaintiff's petition for a new trial, and upon the motion of the plaintiff to amend his said petition.

(1)    DUBOIS, J.  This is an action of trespass on the case for negligence, originally brought in the Common Pleas Division of this court.  After a verdict for the plaintiff, the defendant, taking all of the requisite preliminary steps, filed its petition for a new trial; on the same day the plaintiff, without having taken any previous steps in that direction, filed his petition for a new trial, and the clerk of that division certified to this all the papers in the cause.  The plaintiff here filed a motion to amend his petition for a new trial and an amended petition in conformity therewith, whereupon the defendant

filed its withdrawal of its said petition for a new trial and motion to dismiss the plaintiff's petition for a new trial.

The petitions for a new trial were filed under Gen. Laws R. I. cap. 251, "Of new trials."

Section 5 of said chapter defines the rights of petitioners for a new trial.

Section 6 thereof prescribes the course of procedure to be complied with by such petitioners.

The effect of a compliance with the first three clauses of said section 6 is to stay judgment in said division and to cause its clerk to certify all the papers in the cause to the Appellate Division.

Section 10 of said chapter provides for a further stay of judgment until the matter has been decided by the Appellate Division and until its decision has been certified to the Common Pleas Division.

Jurisdiction of the cause and of all of its papers being thus conferred upon the Appellate Division, it may in its discretion entertain the plaintiff's petition for a new trial.

The objections against such an exercise of judicial discretion are that the plaintiff slumbered upon his rights and allowed the defendant to perform all of the work and assume all of the expense attendant upon the presentation and prosecution of a petition for a new trial, and ought not now to be permitted to take advantage of such diligence.

It would be mere idle ceremony to require the filing of duplicate notices and transcripts of testimony entailing needless expense.

The defendant paved the way by which its and the plaintiff's petitions reached their destination, and it is entitled to the presumption that it acted in good faith.

It now desires to withdraw its petition. In fact, subject to the approval of the court, it has withdrawn it.

If the defendant does not desire to proceed with its petition there is no reason why it may not abandon the same, so long as the plaintiff is not injured thereby. Withdrawing the petition does not withdraw the other papers from the jurisdiction of the court.

The petition of the plaintiff is before the court, and he is entitled to a hearing upon it if the court is satisfied that substantial justice can be reached in that way. It would be manifestly unfair, however, to allow the plaintiff to avail himself of the steps taken by the defendant until he has repaid to it the cost of the transcript of testimony and rulings filed in the case.

(2)      The plaintiff's motion to amend his petition must be denied. The proposed amendment relates to acts of the servants and agents of the defendant during the trial of the case, whereby the plaintiff claims that the jury were prejudiced against him.

The acts alluded to were brought to the attention of the plaintiff and his counsel in open court in a most conspicuous manner, and could hardly have been forgotten or overlooked during the preparation of the petition for a new trial.

There is no claim made that they were omitted from the petition for a new trial by reason of any misfortune, accident, or mistake. No cause being shown to the contrary, the motion is governed by the general rule:

A petition for a new trial may be amended by making the assignments of error more specific, but not by adding new and additional assignments of error, of which the party had notice at the time of filing his petition. Ency. Pl. & Pr. 14, p. 894, and cases cited.

Defendant's petition for a new trial may be withdrawn.

Defendant's motion to dismiss plaintiff's petition for a new trial denied, provided that the plaintiff shall take and pay for the transcript of the testimony and rulings filed in the case.

Plaintiff's motion to amend his petition for a new trial denied.

*Irving Champlin,* for plaintiff.

*David S. Baker and Lewis A. Waterman,* for defendant.